**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Carlos Alberto MOCTEZUMA–MARTINEZ, Defendant–Appellant.**

**No. 00–50584.**
**D.C. No. CR–00–02167–IEG.**

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.*

Decided April 20, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM **

Carlos Moctezuma–Martinez appeals the 10 month sentence following his conviction by guilty plea for making a false claim to United States Citizenship in violation of 18

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Moctezuma–Martinez contends that the district court erred by adding an additional point to his criminal history score pursuant to U.S.S.G. § 4A1.1(e) after determining that the present offense was committed within two years of his release from a prior sentence. Moctezuma–Martinez reasons that the 30 days spent in custody resulting from his May 1999 probation revocation should be added to his February 10, 1998 release date rather than treated as a separate and distinct "last release from confinement."

Counsel did not object at sentencing and therefore, we review for plain error. *See United States v. Klinger*, 128 F.3d 705, 710 (9th Cir.1997) ("stating that plain error is error that is so obvious, a competent district judge should be able to avoid it without benefit of objection"). Moctezuma–Martinez has failed to provide any authority in support of his contention and none seems to exist. Further, his argument circumvents the plain language of U.S.S.G. § 4A1.2(k)(2)(A) which refers to "the recency of last release from confinement." Because Moctezuma–Martinez's May 1999 parole revocation occurred less than two years prior to his commission of the present offense, the district court did not plainly err in its application of an additional criminal history point pursuant to U.S.S.G. § 4A1.1(e).

AFFIRMED.